## THOMAS et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11196.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1950.

Robert Dow Hamilton, Columbus, Ohio (Robert Dow Hamilton, Columbus, Ohio, on the brief), for petitioners.

Virginia H. Adams, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, and Virginia H. Adams, all of Washington, D. C., on the brief), for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

## PER CURIAM.

In this case, a United States Tax Judge, sitting at Columbus, Ohio, dismissed the petition of the taxpayers, John R. Thomas and his wife, praying that the Commissioner of Internal Revenue erred in disallowing $249.84 as an allowable deduction for travel expenses incurred by Thomas, a professional football player, in traveling frequently from his home in Columbus, Ohio, to Detroit, Michigan, to participate there in football games. When the case was called for trial, Robert Dow Hamilton, an attorney at law, sought a continuance for the reason that Thomas had an engagement in Detroit. The attorney stated to the court that he thought Thomas had not been notified of the trial until a few days before the date set, as the attorney had had difficulty in locating him; that the attorney had been furnished a list of 37 cases for hearing on the same trial date; that he had had a conference with the government representative pertaining to what he considered to be the sole issue involved, a legal question which he thought could be presented in the form of a stipulation; and that he was prepared to proffer the testimony of his single witness, according to Ohio state court procedure.

The judge told him that he evidently did not understand the practices of the Tax Court of the United States, and stated further that the attorney was entirely too fluent with his excuses. The judge then addressed the attorney: "Bearing in mind that you have never practiced before us and have no standing in this court I refuse to grant the continuance."

The attorney asked: "What is the basis of the refusal to grant a continuance?"

The court responded: "You do not state a good ground for continuance."

Further colloquy ensued; and the matter was thus concluded.

Mr. Hamilton: "I understood in talking briefly before the calendar was called with

counsel for the government that as a matter of fact when the taxpayer is a resident of another district that is regarded as sufficient grounds for a continuance. Is there something special in my case?"

The Court: "Are you interrogating the court as to its practices?"

Mr. Hamilton: "I simply want to have the record clear on any abuse of discretion so that I can appeal."

The Court: "Your motion is granted. The proceeding is dismissed for failure to prosecute due to the fact that counsel has no standing in this court and has been permitted to appear here only by courtesy of the court and the taxpayer is not represented."

Robert Dow Hamilton is licensed to practice before the Supreme Court of Ohio and in the United States District Court for the Southern District of Ohio, the district in which the tax court was sitting, and exhibited to the court a certificate showing that he was licensed to practice before the Treasury Department.

In these circumstances, we think the United States Tax Judge abused his discretion in dismissing the taxpayers' petition on the ground which he stated. As we view it, attorney Hamilton should have been permitted to present his motion made in behalf of petitioners for a continuance.

Accordingly, the case must be remanded for further proceedings so that the petitioners may have their day in court.